Shu LIN, Petitioner,

v.

Alberto R. GONZALES,* Respondent.

Docket No. 02–4569–AG.

United States Court of Appeals, Second Circuit.

Sept. 6, 2005.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Barrie Dnistrian, Dechert LLP, New York, N.Y. (Charles I. Poret, on the brief), for Petitioner.

Kevin T. Traskos, Assistant United States Attorney, District of Colorado, Denver, Co, for William J. Leone, Acting United States Attorney, for Respondent.

Present: JACOBS, KATZMANN, and HALL, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition be **DENIED.**

Shu Lin, a Chinese citizen, petitions for review of a September 13, 2002 order of the BIA affirming without opinion an October 7, 1999 decision of the Immigration Judge ("IJ"), which denied Lin's application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume familiarity with the facts, procedural history, and issues on appeal.

■ 1. The IJ did not err in denying asylum relief. Eligibility for such relief requires that the petitioner establish "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Here, the claim is that Lin is fleeing persecution organized by the mayor of her village for the purpose of compelling Lin to follow through with an arranged marriage with the mayor's son. Lin alleges that her status as either [i] a young, unmarried Chinese woman living in a rural part of China, who is subject and opposed to forced marriage; or [ii] a member of her immediate family, constitutes "membership in a particular social group." *Id.* However, the persecution alleged is not "on account of" that ground. *Id.; see also INS v. Elias–Zacarias,* 502 U.S. 478, 482–83, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (petitioner must show that feared persecution is "because of" a protected ground); *In re S–P–,* 21 I & N Dec. 486, 490, 1996 WL 422990 (BIA 1996) (en banc) (petitioner must produce "evidence from which it is reasonable to believe that the harm [is] motivated by a protected ground").

■ 2. Because "an alien who fails to establish his entitlement to asylum necessarily fails to establish his entitlement to withholding of removal," the IJ also did not err in denying withholding of removal relief. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

■ 3. We lack jurisdiction to consider Lin's CAT claim, which was not presented to the BIA. *See* 8 U.S.C. § 1252(d)(1) (dis-

cussing exhaustion requirement); *Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004) (per curiam) (exhaustion requirement jurisdictional).

We have considered Lin's remaining arguments and find each of them to be without merit. The petition is **DENIED.** The pending motion for a stay of removal is **DENIED** as moot.