OPINION
PER CURIAM.
Petitioner Zhen Biu Lin, a native and citizen of China, seeks review of a final order of removal. He fears that he will be subject to forced sterilization should he be removed to China because he is the father of two children in the United States. For the reasons discussed below, we conclude that the Board of Immigration Appeals’ (“BIA”) decision rejecting Lin’s claim is supported by substantial evidence. As a result, we will deny Lin’s petition for review.
I.
Lin and his future wife, Xiu Lin, illegally entered the United States in December 1997, and they were served with Notices to Appear upon arrival. Removal proceedings for Lin were initiated in Chicago, then transferred to New York, and from there transferred to Philadelphia in late 2002. During that five-year period, Lin and Xiu Lin married; they had a son in November 2001. A daughter followed in April 2005. To block his removal, Lin sought asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”).[1] Lin did not claim that he had experienced past persecution. Instead, Lin claimed that his fathering two children abroad violates China’s coercive family planning policy, and that as such he will be targeted for sterilization upon removal to his native Fujian Province.
At a hearing before the Immigration Judge (“IJ”), Lin testified that alternative sanctions for violating the family planning policy, such as fines or an IUD insertion *621 for Xiu Lin, were inconceivable. After reviewing BIA precedent and the “voluminous exhibits” in the record, the IJ determined that Lin had failed to satisfy any standard for immigration relief. However, believing Lin’s ease to be complex and the evidence presented to have relative strength, the IJ certified Lin’s case to the BIA for further review pursuant to 8 C.F.R. § § 1003.1(c) and 1240.1(a)(1).[2]
The BIA cited three of its precedential decisions from 2007 for the proposition that it had previously “found no pattern or practice of persecution by the Chinese government against applicants on account of the birth of children in the United States.” The BIA pointed to two of Lin’s exhibits, articles from CNN and World Journal, as evidence that enforcement of the family planning policy is inconsistent and unlikely given Lin’s particular situation. In addition, the BIA found that “the documents submitted by the respondent regarding China’s population control law are general in nature and cumulative of documentation analyzed in [the 2007] published decisions.” The BIA thus concluded that there was “no reversible error in the [IJ’s] denial of asylum and withholding of removal.” The BIA also concluded that the IJ did not err in denying Lin’s application for CAT relief. Lin appealed.
II.
We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir.2001). Where the BIA defers to the IJ’s reasoning in part, as it did here, we review the BIA’s decision but consider the IJ’s as well. See Abdul-rahman v. Ashcroft, 330 F.3d 587, 591 (3d Cir.2003). We review both decisions for substantial evidence, see Briseno-Flores v. Att’y Gen., 492 F.3d 226, 228 (3d Cir.2007), upholding them “unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir.2003) (en banc).
To qualify for asylum or withholding of removal, and applicant must establish that he has a well-founded fear that he will be persecuted if removed to his home country on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42), 1158(b), and 1231(b)(3). That well-founded fear consists of both a subjectively genuine fear of persecution and an objectively reasonable possibility of persecution. See Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir.2003). To qualify for CAT relief, an applicant must demonstrate “that it is ‘more likely than not’ that he or she will be tortured ... by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.” Pierre v. Att’y Gen., 528 F.3d 180, 186, 189 (3d Cir.2008) (en banc).
III.
An alien with a well-founded fear that he will be forced to undergo involuntary sterilization is “deemed to have a well founded fear of persecution on account of political opinion.” 8 U.S.C. §§ 1101(a)(42)(B). Furthermore, an alien with two or more children born in China, or abroad, may qualify as a refugee if the evidence presented establishes both that the births violate local family planning policies, and that local enforcement of the policies is done through acts amounting to persecution. *622 See Matter of S-Y-G- 24 I. & N. Dec. 247, 251 (BIA 2007); Matter of J-H-S- 24 I. & N. Dec. 196, 197-98 (BIA 2007).
Even assuming that Lin has a subjective fear of persecution based on China’s coercive family planning policy, the evidence of record does not demonstrate that this fear is objectively reasonable. See Zubeda, 333 F.3d at 469. That evidence shows, at most, that children of Chinese nationals born abroad may be “counted” for purposes of the family planning policy, (A.R. 265-66, 269-70, 277-78), and that involuntary sterilizations and forced abortions have been used in the past as policy enforcement measures against Chinese nationals who have had, or who attempted to have, children in China. (A.R.334-35, 366-370, 403-406, 418, 444-45, 450-51, 453-54, 469-73, 530, 545, 586.) However, there is not one exhibit that directly supports Lin’s claim: that a father of two foreign-born children would be forcibly sterilized upon removal to Fujian Province, specifically, or even China, generally. Therefore, we find no error in the BIA’s determination that Lin lacks a well-founded fear of persecution, and that he is unlikely to be tortured upon removal to China.
Accordingly, we conclude that the BIA’s decision is supported by substantial evidence, and we will deny Lin’s petition for review.[3]

. Lin's wife separately applied for asylum in New York. A final order of removal was entered against her in September 2002, and her petition for review was denied. See Lin v. Gonzales, 148 Fed.Appx. 38, 39 (2d Cir.2005) (fleeing village to avoid arranged marriage not persecution “on account of” protected ground). The BIA denied Xiu Lin's motion to reopen, which was based on the same claim that Lin now raises in his petition for review.

. Because 8 C.F.R. § 1240.1(a)(1) does not specifically provide for certification to the BIA, we believe that the IJ meant to certify Lin's case pursuant to 8 C.F.R. § 1240.1(a)(2). Thai provision allows for certification to the BIA when a case “involves an unusually complex or novel question of law or fact.”

. Contrary to Lin’s assertion, this is not a case where the BIA has ”fail[ed] to discuss most of the evidentiary record.” Zheng v. Att’y Gen., 549 F.3d 260, 269 (3d Cir.2008). The BIA explicitly discussed a sufficient amount of relevant, non-cumulative documentary evidence that post-dated its 2007 precedential decisions. We do agree with Lin, though, that the BIA erred to the extent it believed that success on his claims required a demonstration that involuntary sterilizations are mandated in Fujian Province. See Chen v. Att’y Gen., 491 F.3d 100, 111 (3d Cir.2007), overruled on other grounds by Lin-Zheng v. Att'y Gen., 557 F.3d 147 (3d Cir.2009). Nevertheless, any error is harmless based on our ultimate conclusion in this opinion.